## Michael Bottigliero and Mary Bottigliero, Appellees, v. Morris Zeidman and Minnie Zeidman, Appellants.

### Gen. No. 22,337.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed May 29, 1917. Rehearing denied June 8, 1917.

### Statement of the Case.

Bill by Michael Bottigliero and Mary Bottigliero, complainants, against Morris Zeidman and Minnie Zeidman, defendants, for the reformation of a written contract for the exchange of land, for damages for failure of defendants to perform after complainants' tender of performance and for cancellation of a note given to secure performance. Defendants filed a cross-bill alleging a breach of contract by complainants and an offer and readiness for performance on their part and, except as to the claim for reformation of the contract, sought the same relief as that sought by complainants. The decree found that there was mutual mistake in designating the street number of the property and that complainants suffered damages from

the breach of contract to the amount of $787.50, exclusive of solicitors' fees and expenses of the suit, and ordered the cancellation of the judgment note for $1,000 signed by complainants, and that the judgment note for the same amount signed by defendants and given to secure performance should be surrendered on the payment of the damages. From such decree, defendants appeal.

SAMUEL B. HILL, for appellants.

THOMAS B. LANTRY, for appellees.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 389*—*when objection that complainant has an adequate remedy at law deemed waived on appeal.* On a bill for reformation of a contract for the exchange of land, for damages for failure to perform and for the cancellation of a note given to secure performance, where defendants, by cross-bill, seek the same relief, except the reformation of the contract, and make no objection to complainants' right to equitable relief in the lower court, they will be deemed to have waived a contention, first raised on appeal, that complainants had an adequate remedy at law.

2. EQUITY, § 23*—*when jurisdiction retained on bill for reformation of contract to exchange land.* Where, on a bill for reformation of a contract for the exchange of land, defendants concede that a reformation on the ground of mutual mistake is a matter of equitable jurisdiction and the court properly finds that there was such mistake, the court may properly retain jurisdiction for all purposes including the assessment of damages.

3. REFORMATION OF INSTRUMENTS—*mutual mistake as question for court.* On a bill for the reformation of a contract for the exchange of land on the ground of mutual mistake, it is for the court to determine whether or not there was such mistake.

4. APPEAL AND ERROR, § 1394*—*when findings in equity case not disturbed.* On appeal from a decree on a bill for the reformation of a contract for the exchange of land, the decree will not be dis-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

turbed on the ground of the insufficiency of the evidence to warrant the findings unless the findings of fact are clearly and palpably wrong.

5. APPEAL AND ERROR, § 1301*—*when presumed that evidence was sufficient to support findings in decree.* On appeal from a decree where it is stated in the court's certificate that all of the evidence heard was not preserved, it will be presumed that there was sufficient evidence to support the specific findings of fact recited in the decree, and points based on hypotheses of fact different from the chancellor's findings will not be considered.

6. APPEAL AND ERROR, § 1236*—*when defendants estopped to raise question of insufficiency of proof relating to uncontested allegations in bill.* Where, on the hearing on a bill, counsel for defendants expressly admit all save one of its allegations and the court directs that the evidence be confined to that issue, there is no necessity of proving the other allegations, and, on appeal, defendants are estopped to raise the question of the insufficiency of the proof relating to the uncontested allegations.

7. APPEAL AND ERROR, § 438*—*when claim of variance not considered.* A claim of variance first urged in a petition for rehearing and not during the trial will not be considered on appeal.

8. APPEAL AND ERROR, § 726*—*when finding of fact in decree cannot be impeached.* On appeal, findings of fact in the decree cannot be impeached unless all of the evidence heard on the trial is preserved in the record.

9. APPEAL AND ERROR, § 1236*—*when counsel for appellants precluded from urging that allowance of solicitors' fees was erroneous.* Where the record on appeal from a decree shows that counsel for appellants expressly stated that he had no objection to a draft of the decree which included the allowance of solicitors' fees, appellants cannot urge such allowance as error.

10. EXCHANGE OF PROPERTY, § 9*—*what is measure of damages for breach of contract for.* On a bill for the reformation of a contract for the exchange of land and for damages for failure to perform, the measure of damages is the difference between the agreed price of the properties and their market value at the time of the breach.

11. COSTS, § 73*—*when cost of additional abstract taxed against appellants.* On appeal, where appellants do not submit a sufficiently full and fair abstract for a proper consideration of the points urged and the additional abstract is unnecessarily full, a part thereof will be taxed against appellants as additional costs.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.